**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 9, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DEWON D. ASBERRY, an individual,

Plaintiff-Appellant,

v.

OKLAHOMA DEPARTMENT OF
CORRECTIONS; TAMMY SHAW, in
her individual capacity and in her
official capacity as Correctional
Officer of Oklahoma Department of
Corrections; BRAD SUTER, in his
individual capacity and in his official
capacity as Correctional Officer of
Oklahoma Department of Corrections;
SHANA BALLARD, in her individual
capacity and in her official capacity as
Correctional Officer of Oklahoma
Department of Corrections,

Defendants-Appellees.

No. 09-7013
(D.C. No. 6:08-CV-00214-JHP)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Dewon D. Asberry, an Oklahoma state prisoner, brought suit under 42 U.S.C. §§ 1983, 1985 and Oklahoma tort statutes, alleging the Oklahoma Department of Corrections and several employees and officials at the Oklahoma State Penitentiary ("Defendants"), violated his constitutional rights. Upon the Defendants' motion, the District Court dismissed Asberry's complaint for failure to exhaust administrative remedies.[1] We affirm.

## BACKGROUND

According to Asberry's complaint, on December 16, 2006, two Defendant prison guards allowed two inmates to enter his cell and beat him unconscious and they refused to unlock the cell door until the attack concluded. He claims he was seriously injured (the attack left him in a coma for several days, he was hospitalized for several months and has ongoing health problems) and the Defendants were deliberately indifferent to his resulting medical needs. He seeks monetary damages.

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, a prisoner must exhaust available administrative remedies before bringing a federal action regarding prison conditions. "To properly exhaust administrative remedies [as required by this statute,] prisoners must complete the administrative review

---

[1]    Our jurisdiction derives from 28 U.S.C. § 1291.

process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quotation omitted). Asberry was required to follow the Oklahoma Department of Corrections' Inmate/Prisoner Grievance Process, which requires a prisoner to properly and timely file: (1) a request to staff (RTS) within seven days of the incident, Aplt. App. at 71; (2) a grievance to the facility head, if the RTS response is unfavorable, within fifteen days of the later of the incident or the DOC's response to the RTS, *id.* at 72; and (3) an appeal to the Administrative Review Authority, if the grievance is unfavorable, within fifteen days after receipt of the grievance response, *id*. at 75. Only one issue or incident is allowed on any one RTS or grievance. *Id*. at 71, 72. If an inmate does not receive a response within 30 days, he may then file a grievance, asserting only that his RTS was not answered. *Id*. at 72.

Asberry filed three RTS forms relating to the December 2006 incident. The first, filed on March 5, 2007, asked prison officials to produce the incident reports.[2] Asberry did not immediately receive a response to this RTS and, instead of giving prison authorities 30 days to respond (as the prison grievance policy requires), Asberry filed grievances on March 25 and April 12, complaining about the lack of response and again asking for copies of his incident reports. On April 27, 2007, the prison rejected his grievances because he had raised more than one

---

[2]     Although this RTS was presumptively out of time, the District Court considered it to be timely filed in light of Asberry's extended hospitalization.

issue, and had not limited his grievance to the lack of a response to his RTS. He was given 10 days to correct the deficiency. He failed to do so.

Asberry filed a second RTS on March 18, 2007, asking if the inmates who attacked him had been apprehended. Before waiting the 30 days for a response to his RTS, Asberry again filed a premature grievance, on April 12, complaining about the lack of response. On May 3, 2007, he filed yet another grievance asking that the staff personnel who allowed him to be beaten be fired or prosecuted. On May 18, 2007, the prison rejected these grievances because: Asberry had not waited for a response to his RTS, he had included attachments other than the allowed RTS attachment, he had not complied with the previous instructions on the proper method to address the raised issue, and by failing to follow correct procedures he was out of time to file a proper grievance related to the December 2006 incident.

Asberry filed a third RTS on March 29, 2007, requesting his questions (embodied in previous grievances) be answered. Asberry again filed another grievance before waiting the required 30 days for a response to the RTS. Accordingly, the prison barred him from filing more requests or grievances related to the December 2006 incident. In June 2008, Asberry filed this suit. The District Court dismissed for a failure to properly exhaust available administrative remedies.

ANALYSIS

"We review de novo the district court's finding of failure to exhaust administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in [federal] court." *Jones*, 549 U.S. at 211. Exhaustion requires "using all steps that the agency holds out, and doing so *properly*." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quotation omitted).

Asberry acknowledges his failure to strictly comply with the prison's grievance procedure. He contends, however, that he is only obligated to comply with the prison grievance procedures if they offer some sort of relief, and here no relief was available because he was never provided with copies of the incident reports. He says the accused prison guards were terminated for their conduct, but he was unaware of disciplinary actions taken against them when he filed his complaint in district court. Asberry argues the alleged wrongdoing is extremely serious (actually, unconscionable), his allegations have not been disputed, and yet he has been denied a remedy.

These are circular arguments. Asberry did not afford the Defendants the required opportunity to provide relief because he refused to wait the permitted 30 days for a response to his RTS filings before filing his grievances. "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*,

549 U.S. at 204. When Asberry did file his premature grievances, they were deficient and he did not remedy his defective filings within the allowed time. The rejection notice explained the deficiency to Asberry and directed him to cure it within ten calendar days. He did not do so. In *Jernigan*, this court held that "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." 304 F.3d at 1032. Further, substantial compliance with the grievance procedures is insufficient. *See id.* By not resubmitting his first grievance as instructed, Asberry failed to employ the administrative remedies available to him. *See id.* at 1032-33.

AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

-6-